O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MANUEL BOJORQUEZ PORTILLO,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

Case No. CV 25-07717-DMG (KES)

ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition [Doc. # 1], the other records on file herein, and the Report and Recommendation ("R&R") of the United States Magistrate Judge [Doc. # 14].

Thomas Wooge, as Petitioner's next friend [*see* Doc. # 6], objects to the R&R on the basis that "the court should see fit to secure [Petitioner] retroactive Voluntary Departure (VD) status." [Doc. # 18 at 1.] As noted in the R&R, Petitioner was ordered to be removed to Mexico and transported to Tijuana. R&R at 3.

The reference to Voluntary Departure status appears to refer to 8 U.S.C. § 1229c's provision that "[t]he Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under section 1229a of this title [governing removal proceedings]." 8 U.S.C. § 1229c(a)(1). This subsection explains that the Attorney General, not this Court, has authority to make such a determination. This Court does not have jurisdiction over an appeal from denial of a request for an order of voluntary departure (*see* 8 U.S.C. § 1229c(f)), much less the authority to retroactively change an order of removal to an order of voluntary departure. *See also* 8 U.S.C. § 1252(g) (this Court does not have authority over the decision to execute a removal order). Therefore, having engaged in a *de novo* review of the objections, the Court finds that they lack merit.

The Court accepts the report, findings, and recommendations of the Magistrate Judge.

IT IS THEREFORE ORDERED that Judgment be entered dismissing the Petition without prejudice as moot.

As a federal prisoner proceeding under 28 U.S.C. § 2241, Petitioner is *not* required to obtain a certificate of appealability ("COA") in order to appeal to the United States Court of Appeals in this case. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) (holding that the plain language of 28 U.S.C. § 2253(c)(1) does not require federal prisoners bringing § 2241 petitions to obtain a COA in order to appeal, unless the § 2241 petition "is merely a 'disguised' § 2255 petition"); *see e.g., Tomlinson v. Caraway*, No. 14-cv-020094-VBF-KK, 2014 WL 4656432 at *1 (C.D. Cal. Sept. 16, 2014) (adopting report and recommendation and noting that

petitioner in federal custody was not required to obtain a COA to appeal the denial of his § 2241 petition).

DATED: July 15, 2026

DOLLY M. GEE
CHIEF U.S. DISTRICT JUDGE